841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Horace M. WILSON, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2143.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 22, 1988.
Decided: Feb. 29, 1988.
 
 James K. Holloway; Nancy K. Ginnia; Western North Carolina Legal Services, Inc., on brief, for appellant;
 Thomas J. Ashcraft, United States Attorney; Charles E. Lyons, Assistant United States Attorney on brief, for appellee.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Here we have a case arising out of a denial of social security disability insurance benefits for Horace Wilson, the claimant and appellant. The Administrative Law Judge found and the District Court agreed that Wilson had not proved his disability. The District Court also denied Wilson's Motion for Remand Based Upon New Evidence pursuant to 42 U.S.C. Sec. 405(g). The District Court proceeded on the basis that new evidence, namely a vocational evaluation report of March 23, 1987, and a letter from a rehabilitation counselor dated March 27, 1987, was not relevant to the determination of disability at the time the application was first filed.
 
 
 2
 While expressing no view on the issue of whether the ALJ decision was supported by substantial evidence, we remand the case so that the new evidence can be received and considered. Although the claimant's eligibility for social security benefits ended on September 30, 1985, new evidence, which is subsequent to that date, should not be excluded if it has any bearing on whether the disability arose before the cut off date. Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987). The post-insured status evidence should be considered in determining whether the claimant's progressively deteriorating condition reached a disabling degree before his insured status expired. The matter, therefore, should be remanded to the Secretary of Health and Human Services for further proceedings.
 
 
 3
 REMANDED.